## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**BETTIE WHITE WILLIAMS,**

 **PLAINTIFF,**

**v.**

**CITIBANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC,**

 **DEFENDANTS.**

**Case No.: 1:25-cv-00339**

**JURY TRIAL DEMANDED**

## COMPLAINT

 **COMES NOW** Bettie White Williams and as her Complaint against the Defendants named above states as follows:

### JURISDICTION AND VENUE

 This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1681p and 12 U.S.C. § 1367.

 Venue is proper here pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's cause of action occurred in this District.

### PRELIMINARY STATEMENT

 Plaintiff's claims arise from the reporting of false and derogatory credit information by Citibank, N.A. ("Citibank") relating to its mismanagement of Plaintiff's Dillard's credit card account and related false credit reporting. Plaintiff has timely made all required payments, including a payment made on September 30, 2024 in the amount of $240.99, which should have

resulted in a zero balance. Citibank has wrongfully failed to recognize the payment, though it received and negotiated Plaintiff's check. Worse, Citibank has treated the account as in default, referred the account to a third-party debt collector and reported credit information to all three major credit bureaus falsely stating that Plaintiff has defaulted and that the account is several monthly delinquent.

Plaintiff has submitted several billing error disputes to Citibank, each requiring an investigation and response. Citibank has failed to investigate the dispute, correct the errors and respond in writing to the disputes as required under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1681 *et seq.*

Plaintiff has also submitted credit reporting disputes to Equifax, TransUnion and Experian. Experian refused to process Plaintiff's dispute. Equifax and TransUnion forwarded Plaintiff's disputes to Citibank, which responded by verifying the false information as accurate. Equifax and TransUnion failed to conduct any reasonable and independent investigation but, instead, merely parroted the false information furnished by Citibank despite receiving information and documents from Plaintiff demonstrating that the information is false, incomplete and unverifiable.

Plaintiff asserts claims against Citibank for breach of contract and violations of the FCBA. Plaintiff asserts claims against Citibank and each of the credit bureaus for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* Plaintiff also asserts a claim against Citibank for breach of the loan agreement. Plaintiff seeks actual damages, statutory damages, punitive damages, attorney's fees and costs.

## **PARTIES**

1.    Plaintiff is an adult resident of Baldwin County, Alabama.

2.    Defendant Citibank, N.A. ("Citibank") is a corporation formed outside of the State

2

of Alabama, with its principal place of business in the State of Texas.

3.      Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company formed under the laws of the State of Georgia, with its principal place of business in the State of Georgia.  Equifax is a "consumer reporting agency" as defined in § 1681a(f) of the FCRA. It is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the FCRA, to third parties.

4.      Defendant Experian Information Solutions, Inc., ("Experian") is a corporation formed under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Experian is a "consumer reporting agency" as defined in § 1681a(f) of the FCRA. It is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the FCRA, to third parties.

5.      Defendant TransUnion, LLC ("TransUnion") is a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Illinois. TransUnion is a "consumer reporting agency" as defined in § 1681a(f) of the FCRA.  It is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in §1681a(d) of the FCRA, to third parties.

6.      Defendants Equifax, Experian and TransUnion are sometimes referred to herein collectively as "CRA Defendants."

### BACKGROUND FACTS

7.      Bettie Williams is a retired special education teacher who lives in Loxley, Alabama.

8.    Mrs. Williams holds a Dillard's Mastercard issued and managed by Citibank, with an account number ending in 1502.  (Citibank Dillard's Card).  She's had a Dillard's card for over 20 years.  She occasionally makes purchases at Dillard's with the card and typically pays her card balance in full when the charge appears on her statement.

9.    In September 2024, Mrs. Williams made a charge of $240.99 on her Dillard's Mastercard. She scheduled a payment for the full amount through her Wells Fargo online bill pay service on September 30, 2024.

10.    The payment was due on October 7, 2024.  Mrs. Williams processed the payment on September 30, 2024, through her Wells Fargo "bill pay" service.  A paper check was mailed by Wells Fargo (Williams' bank) to Citibank the same day.

11.    Citibank received the check well before the due date but failed to credit the payment to the account.  Citibank treated the payment as late and charged her a late fee.  Citibank negotiated the check for the September 30th payment on October 15th.

12.    On October 30, 2024, Mrs. Williams sent a dispute letter to Citibank outlining the payment details and providing documentation from Wells Fargo proving the payment was sent well before the due date.

13.    Citibank's November 2024 statement failed to acknowledge the September 30th payment at all, despite the fact that Citibank had received and negotiated the payment check. Citibank's statement continued to show a balance of $240.99.

14.    On November 19, 2024, Mrs. Williams sent a second dispute letter to Citibank, again providing documentation proving the $240.99 September 30th payment was timely made.

15.    The October 30th and November 19th letters each constitutes a "billing error dispute" for purposes of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1681 *et seq.*

16.     On November 30, 2024, Citibank sent two letters acknowledging receipt of her dispute.  Citibank requested additional details in one of the letters, but it did not specifying what was needed.

17.     On January 1, 2025, Citibank sent a notice indicating that Mrs. Williams' account was past due.  The account was not past due.  Williams had timely made all required payments and had paid the balance off in full.

18.     Citibank's January 1st notice did not acknowledge Williams' multiple billing error disputes.

19.     At all relevant times, Citibank furnished information to all three major credit bureaus falsely stating that she had failed to make timely payments, owed an outstanding past due balance and had defaulted on her obligations.  It has continued through the date of this filing to furnish the false information.

20.     On January 29, 2025, Citibank sent another notice stating the account was still past due and warning that late payments might be reported to credit bureaus, despite Mrs. Williams' documented disputes.  Again, notice did not acknowledge Williams' multiple billing error disputes.

21.     On February 7, 2025, Citibank acknowledged receipt of Mrs. Williams' billing error notice and stated it was investigating her dispute.  This is the last correspondence Williams received from Citibank in response to her multiple billing error notices.   At no point did Williams receive any notice specifying the results of any investigation of her billing error disputes, and at no point did Citibank issue any credit or otherwise correct its errors.

22.    On February 12, 2025, Mrs. Williams sent another billing error dispute letter to Citibank, reiterating that her September 30 payment was timely and stating her intent to dispute the erroneous information with credit bureaus.

23.    On February 26, 2025, Citibank sent a notice stating that Mrs. Williams' account remained past due and warning that her account might be permanently closed.  The notice did not acknowledge Williams' multiple billing error disputes.

24.    Citibank also continued to furnish information to all three CRA Defendants indicating that Williams' account was in default and that there was a past-due amount owed.

25.    On March 9, 2025, Citibank issued a monthly statement falsely claiming the account was four months past due, with an unpaid balance of $416.33.  That balance included fees wrongfully charged due to Citibank's failure to recognize the September 30 payment.

26.    A credit report obtained by Williams dated March 26, 2025, confirms that Experian was reporting the Citibank Dillard's Card account as past due in the amount of $162.00 and that the account was 30 days late in January, 60 days late in February, and 90 days late in March.  All of that information is false and derogatory.

27.    A report from TransUnion also dated March 26, 2025, confirms that TransUnion was reporting essentially the same false information: that the account was 90 days late.  TransUnion falsely reported the account as current in November and December 2024 but past due beginning January 2025.

28.    A report from Equifax dated March 31, 2025, shows the account as "not more than four months past due," with an existing balance of $416.00 and a first delinquency date of December 10, 2024.

29.    All of the false information reported by the CRA Defendants was furnished by

Citibank.

30.     On April 9, 2025, Citibank issued another monthly statement falsely reporting a total balance of $370.79, including a past-due amount of $113.00 and fees related to its failure to recognize the September 30 payment.

31.     On April 11, 2025, Mrs. Williams submitted online disputes to Equifax and TransUnion addressing the false information furnished by Citibank regarding the Citibank Dillard's Card.  She attempted to submit a similar dispute to Experian, but was blocked by Experian.  She provided accurate identifying information and all other information required to initiate a credit reporting dispute, but Experian wrongfully refused to accept her dispute.

32.     On April 13, 2025, Citibank sent a letter offering Mrs. Williams the option to settle her account for less than the total balance.  No mention of her previous billing error disputes was made in the letter.

33.      On April 22, 2025, Mrs. Williams sent dispute letters to each of the CRA Defendants, providing detailed documentation proving that she had timely made her payment due for October 2024 and that the resulting balance should be zero.

34.     Equifax received Williams' written dispute on May 15, 2025.  It forwarded the dispute to Citibank in accordance with the dispute procedure set out in the FCRA.

35.     On April 29, 2025, Equifax responded to the online dispute by requesting additional identifying information it claimed was needed to process the dispute, despite having received such information previously.

36.     On May 8, 2025, Mrs. Williams provided additional identifying information to Equifax, including her Social Security card.

37.     On May 22, 2025, Equifax issued an investigative report in which it stated that the

false information furnished by Citibank was verified as accurate and would remain on her report.

38.     TransUnion received Williams' written dispute on April 25, 2025.  It forwarded the dispute to Citibank in accordance with the dispute procedure set out in the FCRA.

39.     By letter dated April 30, 2025, TransUnion responded to the dispute letter by requesting additional identifying information it claimed was needed to process the dispute, despite having received such information previously.

40.     On May 8, 2025, Mrs. Williams provided additional identifying information to TransUnion, including her Social Security card.

41.     On May 22, 2025, Citibank sent another collection letter falsely stating the total past-due balance was $509.28 and offering to settle the account for $178.26.

42.     By letter dated May 27, 2025, TransUnion provided the results of its investigation stating that disputed information was "updated," but that the information falsely stating the account to be in default would remain.  The "updated information" falsely reported the account as 100 days past due with an outstanding balance of $509.00.

43.     Experian received Williams' written dispute on April 26, 2025.  Experian has provided no response to the April 22nd dispute letter.  Upon information and belief, Experian failed to take any action in response to the dispute and failed to forward the dispute to Citibank in accordance with the dispute procedure set out in the FCRA.

44.     Plaintiff has suffered damages as a result of Citibank's false reporting and the CRA Defendants' failure to properly investigate Williams' disputes and remove the false information.  Her damages include a drastic decrease in her FICO credit score by over 100 points, as well as mental anguish and emotional stress and worry over the loss of her creditworthiness and reputation she had worked hard over the years to build, as well as the worry over whether she will be able to

afford higher credit terms for items she may need given that she is retired and lives on a fixed income.

45.     In addition to reporting information which it knows or should know to be false and derogatory, Citibank referred Williams' account to Credit Control LLC, a debt collector, for collection of the false charged off balance.  As a result, Mrs. Williams has been the target of collections campaign by Credit Control LLC, which falsely claims she owes a past due balance of $556.64.  This has also caused stress and worry.

46.     Citibank and the credit bureaus have failed to correct the false information despite receiving conclusive proof from Mrs. Williams that her September 30 payment was timely and should have brought her account balance to zero.   The information provided by Williams conclusively establishes that the information furnished by Citibank is false or, at the very least, cannot be verified.

47.     Citibank failed to perform any reasonable investigation of any of Plaintiff's disputes, including the billing error disputes sent to Citibank directly and the credit reporting disputes sent to the Equifax and TransUnion and forward to Citibank.  Citibank's internal records confirm that the information it was and is reporting to the CRAs is factually inaccurate.  Any reasonable review of its internal records and the documents provided by Williams would confirm that the September 30th payment was timely made and that there was no past due balance owing.  Any reasonable investigation would show that the credit information furnished by Citibank was and is false, incomplete or unverified.  Citibank nevertheless verified the false reporting and continues furnishing the false and derogatory information to the CRAs with the knowledge that such information is false or, at a minimum, incomplete and cannot be verified through any reliable records, and also with the knowledge that the false information is likely to be published to third

parties in a position to make judgments as to Williams' character, her ability or willingness to pay her bills on time and her credit worthiness.

48.     Each of the CRA Defendants also failed to conduct a reasonable investigation as required by the FCRA.  Williams provided information with her dispute which demonstrated that the information reported by Citibank was factually inaccurate or, at a minimum, incomplete and/or unverified.  Experian failed to conduct any investigation at all.  TransUnion and Equifax each unreasonably relied on information provided by Citibank which they knew or should have known was incomplete and contradicted by Citibank's records and the information provided in Williams' dispute.  Rather than conduct any reasonable independent investigation, Equifax and TransUnion merely parroted the false information furnished by Citibank.

49.     The false and derogatory information reported by Citibank and the CRA Defendants has been published to third parties, including her potential creditors, who are in a position to make judgments as to Williams' character, her ability or willingness to pay her bills on time and her credit worthiness.

50.     Plaintiff has suffered damages proximately resulting from the failure by Citibank and the CRAs to properly investigate her disputes and cease the false reporting.  The damages suffered by Plaintiff include, but are not limited to, the loss of credit, damage to her reputation and creditworthiness, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

51.     The harm suffered by Plaintiff as a proximate result of Defendants' wrongful acts, as described herein, constitutes injury-in-fact and bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for fraud,

defamation, libel, breach of contract, invasion of privacy, wanton collections, negligence and willfulness.

## COUNT ONE
### (FCRA VIOLATIONS BY CITIBANK)

52.     Plaintiff realleges and incorporates above Paragraphs 1 through 51 as if fully set out herein.

53.     This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

54.     Defendant Citibank furnishes "credit information" to "consumer credit reporting agencies" as those terms are defined by FCRA.  Citibank is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

55.     At all relevant times after September 30, 2024, Citibank provided derogatory and false credit information to each of the CRA Defendants.  This false and derogatory information was reported by the CRA to third parties, including Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

56.     As stated above, Plaintiff notified the CRA Defendants in writing that the information was false, incomplete and/or unverifiable.  Plaintiff's dispute letters, along with the attachments, were each forwarded to Citibank by each of the CRA Defendants as required by 15 U.S.C. § 1681i(a)(2).  In addition, as stated above, Plaintiff also disputed the false information directly to Citibank.

57.     The written disputes described herein constitute consumer disputes and each dispute triggered the requirements set out in 15 U.S.C. and §1681s-2(b).

58.     Information was available to Citibank that should have, upon any reasonable

11

investigation, informed Citibank that the information it was furnishing the CRA Defendants regarding Plaintiff was false, incomplete and/or unverifiable.

59.     Despite its knowledge that the information being reported on Plaintiff's credit file was false and could not be verified by any reliable contract records, Citibank repeatedly verified and continues to furnish to the CRA Defendants false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness has been and continues to be damaged.

60.     Citibank has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b).  These actions include, but are not limited to, the following:

(a) Failing to fully, properly or reasonably investigate the Plaintiff's disputes of the reporting of false and derogatory information;

(b) Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

(c) After receiving notice of Plaintiff's disputes, continuing to submit false and derogatory information to the CRA Defendants and other consumer reporting agencies regarding Plaintiff, knowing that the information was false, incomplete and/or not verifiable; and

(d) Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Citibank knew or should have known to be false, incomplete and/or not verifiable.

61.     As a proximate result of this conduct, Plaintiff has suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

62.     Citibank's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

63.     Citibank's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff requests judgment against Defendant Citibank for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief deemed just and proper, the premises considered.

<u>**COUNT TWO**</u>
**(FCBA VIOLATIONS BY CITIBANK)**

64.    Plaintiff realleges and incorporates above Paragraphs 1 through 51 as if fully set out herein.

65.    This is a claim asserted under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666.

66.    The Citibank Dillard's Card is a credit card account issued and administered by Defendant.

67.    Plaintiff's Citibank Dillard's Card is a "credit card" as defined in 12 C.F.R. § 1026.2(a)(15)(i) and the Citibank Dillard's Card account is a "credit card account under an open-end (not home-secured) consumer credit plan" as defined in 12 C.F.R. § 226.2(a)(15)(ii).

68.    With respect to said account, Defendant is a "creditor" as that term is defined at 15 U.S.C. 1602(g) and a "card issuer" within the meaning of 12 C.F.R. § 1026.2(a)(7).

69.    Plaintiff is a "consumer" and, with respect to said credit card account, is a "card holder" within the meaning of 12 C.F.R. § 1026.2(a)(8) and (11).

70.    Citibank's failure to properly recognize and apply Plaintiff's timely September 30th payment and its treatment of the account as in arrears with an outstanding past due balance is a "billing error" within the meaning of 15 U.S.C. § 1666(b).

71.    Plaintiff's written disputes dated October 30, 2024, November 19, 2024, February

12, 2025 and April 22, 2025 as described above, each constitutes a separate notice of "billing error" within the meaning of 15 U.S.C. § 1666(b).

72.    Plaintiff timely provided notices of a billing error within the meaning of 15 U.S.C. § 1666(a).

73.    As to each billing error notice, Citibank failed to comply with the requirements of the FCBA in one or more of the following ways:

(a)    Failed to conduct any reasonable investigation of the dispute;

(b)    Failed to complete its investigation and provide required notices within time allowed by applicable regulations;

(c)    Failed to comply with appropriate error dispute resolution procedures;

(d)    Failed to remove the disputed charge after receipt of information which demonstrated that Plaintiff had properly rescinded and/or cancelled the agreement; and

(e)    Failed to provide the required written notification of its denial of the dispute and its decision to reinstate the disputed charge.

74.    As a proximate result of this conduct, Plaintiff has suffered actual damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for violations of the FCBA and award Plaintiff the following relief: actual damages, statutory damages, costs and attorney's fees.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## <u>COUNT THREE</u>
### (BREACH OF CONTRACT BY CITIBANK)

75.    Plaintiff realleges and incorporates above Paragraphs 1 through 51 as if fully set out herein.

76.    Citibank's failure to properly recognize and apply Plaintiff's timely September 30th

14

payment and its treatment of the account as in arrears with an outstanding past due constitutes a breach of the credit card agreement.

77.    As a proximate result of this conduct, Plaintiff has suffered actual damages.

**WHEREFORE**, Plaintiff requests judgment against Defendant Citibank for breach of contract and award Plaintiff actual damages and costs.  Plaintiff further requests such other relief deemed just and proper, the premises considered.

**COUNT FOUR**
**(FCRA VIOLATIONS BY TRANSUNION)**

78.    Plaintiff realleges and incorporates above Paragraphs 1 through 51 as if fully set out herein.

79.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against TransUnion pursuant to 15 U.S.C. §§ 1681o and 1681n.

80.    TransUnion is a "consumer reporting agency" as that term is defined in FCRA.

81.    TransUnion has reported false and derogatory credit information on Plaintiff's credit report relating to the above-described Citibank account. This information was reported to third parties, including Plaintiffs' potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.  This false and derogatory information was, at all relevant times, reported by TransUnion to said third parties by a "consumer report" as that term is defined in the FCRA.

82.    Plaintiff submitted at least two written consumer disputes to Defendant TransUnion, explaining that the information being reported on her credit file relating to the Citibank account was false, and Plaintiff provided documentation supporting her disputes which conclusively demonstrated that the disputed information was false, incomplete and/or unverifiable. Based on the information provided in Plaintiff's disputes, any reasonable and independent

investigation should have resulted in the removal of the derogatory information.

83.    TransUnion failed in its duty to reasonably investigate Plaintiff's disputes and has

merely parroted the false information supplied by Citibank, without performing any meaningful

or reasonable independent investigation.  As a result, the false and derogatory information was

verified and has remained on Plaintiff's credit file.

84.    TransUnion failed to comply with the requirements of the FCRA in one or more of

the following ways:

    a.  By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

    b.  By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

    c.  By willfully and/or negligently failing to delete information which it knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

    d.  By failing to properly respond to Plaintiff's dispute as required by 15 U.S.C. § 1681; and

    e.  By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

85.    As a proximate result of this conduct, Plaintiff suffered actual damages including,

but not limited to, the loss of credit; loss of the ability to purchase and benefit from credit; mental

and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

86.    TransUnion's acts and/or omissions made in violation of the FCRA were willful,

entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

87.    TransUnion's acts and/or omissions made in violation of the FCRA were

negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant TransUnion for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, punitive damages, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT FIVE**
**(FCRA VIOLATIONS BY EXPERIAN)**

88.     Plaintiff realleges and incorporates above Paragraphs 1 through 51 as if fully set out herein.

89.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Experian pursuant to 15 U.S.C. §§ 1681o and 1681n.

90.     Experian is a "consumer reporting agency" as that term is defined in FCRA.

91.     Experian has reported false and derogatory credit information on Plaintiff's credit report relating to the above-described Citibank account. This information was reported to third parties, including Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Experian to said third parties by a "consumer report" as that term is defined in the FCRA.

92.     Plaintiff submitted at least one written consumer dispute to Experian, explaining that the information being reported on her credit file was false, and Plaintiff provided documentation supporting her dispute which conclusively demonstrated that the disputed information was false, incomplete and/or unverifiable. Based on the information provided in

Plaintiff's dispute, any reasonable and independent investigation should have resulted in the removal of the derogatory information.

93.     Plaintiff attempted to submit an on-line dispute of the Citibank information to Experian, but Experian wrongfully blocked and failed to accept the dispute.

94.     Experian failed in its duty to process and reasonably investigate Plaintiff's disputes.

95.     Experian failed to comply with the requirements of the FCRA in one or more of the following ways:

a.  By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

b.  By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

c.  By willfully and/or negligently failing to delete information which it knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

d.  By failing to properly respond to Plaintiff's dispute as required by 15 U.S.C. § 1681; and

e.  By failing to maintain accurate identifying information regarding Plaintiff sufficient to allow her to exercise her right to dispute information appearing on her Experian credit report.

96.     As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit; loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

97.     Experian's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

98.     Experian's acts and/or omissions made in violation of the FCRA were negligently

made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant Experian for negligent and willful violations of the FCRA and award each Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, statutory damages, punitive damages, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT SIX
### (FCRA VIOLATIONS BY EQUIFAX)

99.     Plaintiff realleges and incorporates above paragraphs 1 through 51 as if fully set out herein.

100.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Equifax pursuant to 15 U.S.C. §§ 1681o and 1681n.

101.    Equifax is a "consumer reporting agency" as that term is defined in FCRA.

102.    Equifax has reported false and derogatory credit information on Plaintiff's credit report relating to the above-described Citibank account. This information was reported to third parties, including Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that term is defined in the FCRA.

103.    Plaintiff submitted at least two written consumer disputes to Equifax, explaining that the information being reported on her credit file was false, and Plaintiff provided documentation supporting her disputes which conclusively demonstrated that the disputed information reported was false, incomplete and/or unverifiable.  Based on the information

provided in Plaintiff's disputes, any reasonable and independent investigation should have resulted in the removal or the derogatory information.

104.    Equifax failed in its duty to reasonably investigate Plaintiff's disputes and has merely parroted the false information supplied by Citibank, without performing any meaningful or reasonable independent investigation.  As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

105.    Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

      a.  By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

      b.  By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

      c.  By willfully and/or negligently failing to delete information which it knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

      d.  By failing to properly respond to Plaintiff's dispute as required by 15 U.S.C. § 1681; and

      e.  By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

106.    As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit; loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

107.    Equifax's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

108.    Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment, statutory damages, punitive damages, costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted the 15th day of August, 2025.

KENNETH J. RIEMER (RIEMK8712)
RIEMER LAW LLC
Attorney for Plaintiff
2153 Airport Boulevard
Mobile, Alabama 36606
Phone: (251) 432-9212
Email: kjr@Riemer-Law.com

**Citibank, N.A.**
c/o CT Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201-3136

**Equifax Information Services, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Experian Information Solutions, Inc.**
c/o CT Corporation System
2 North Jackson Street, Ste 605
Montgomery, AL 36104

**TransUnion, LLC**
c/o Prentice-Hall Corporation System Inc.
150 South Perry Street
Montgomery, Alabama 36104